IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ORTIZ-CALDERON, | No. C 15-02238 HRL (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| T. HOLT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee. (Docket No. 3.)

**BACKGROUND**

According to the petition, on April 22, 2013, Petitioner was sentenced to 6 years in state prison by the Sonoma County Superior Court. (Pet. at 1.) Petitioner appealed his conviction, and the state appellate court affirmed in 2013. (Id. at 2.) The state high court denied review in 2015. (Id.) On February 23, 2015, the state appellate court denied Petitioner's petition for a re-hearing. (Id.)

Petitioner filed the instant federal habeas petition on May 19, 2015.

Order to Show Cause
P:\PRO-SE\HRL\HC.15\02238 Ortiz-Calderon_osc.wpd

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Legal Claims

Petitioner claims the following grounds for federal habeas relief: (1) trial court improperly denied his requested jury instruction regarding the specific intent element of forcible sexual penetration, (Pet. at 3); (2) the appellate court erred in denying his claims of instructional error because it applied the incorrect standard of review, (id. at 3 and 5); (3) trial court improperly instructed the jury that according to CALCRIM 1045 the intent to sexually "abuse" under section 289 of the California Penal Code may be satisfied by the intent to cause mere "discomfort," (id. at 5); (4) the trial court improperly instructed the jury with CALCRIM 372 which "conflicts with the statute authorizing instruction regarding flight," (id.); (5) cumulative error (id.); and (6) insufficient evidence to support the conviction for felony false imprisonment (id. at 5–6). Liberally construed, Petitioner has stated cognizable claims for relief.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition (Docket No. 1) and all attachments thereto, as well as a magistrate judge jurisdiction consent form, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate judge jurisdiction consent form.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED: 6/5/15

HOWARD R. LLOYD
United States Magistrate Judge